### In re WINSTON.

(District Court, W. D. Tennessee. March 4, 1903.)

1. BANKRUPTCY—INVOLUNTARY PETITION—JOINDER BY CREDITORS—ESTOPPEL.
   Where a secretary and treasurer of a corporation, which was a creditor of a bankrupt, agreed to act as the bankrupt's assignee in his capacity as an individual only, such fact did not estop the corporation, which was not a preferred creditor under the assignment, from joining in a petition to have the debtor declared an involuntary bankrupt.

2. SAME—CORPORATIONS—BY-LAWS—AUTHORITY OF PRESIDENT.
   Where a by-law of a corporation provided that it should be the president's duty to perform the duties of the executive department of the business, and that he should have authority to fix credits, adjust and

settle claims, and transact, control, and supervise all the concerns of the business of the corporation, such by-law was sufficient to give the president authority to determine when bankruptcy proceedings should be instituted against its debtor, and his action in that behalf was conclusive until revoked by the board of directors.

Involuntary Bankruptcy.

Myers & Banks, for creditors.
A. B. Pittman and W. B. Glisson, for bankrupt.

HAMMOND, J. The only question left open at the former hearing is whether the petitioning creditor, the Hessig-Ellis Drug Company is estopped to join in the petition for involuntary bankruptcy, which question is submitted by agreement upon proof taken by consent. From this proof it appears that, when the assignment was made, one E. M. Ellis was named as the assignee. He accepted that trust, and is now in possession of the stock of goods, but nothing has yet been done under the assignment, the proceedings having been arrested by this petition in bankruptcy. This same E. M. Ellis is a stockholder and the secretary and treasurer of the Hessig-Ellis Drug Company, one of the petitioning creditors. The bankruptcy petition is signed and verified by one J. W. Keyes, the president of the company.

The proof shows that, without consulting him, the debtor named Ellis as his assignee. Ellis consulted Keyes whether he should accept the trust, and they agreed that it might be done by Ellis as a matter personal to him and as "an individual," but Keyes declined to represent Ellis in his absence as his agent, because he thought it was so purely personal that Ellis should attend to the business of the assignment himself. The Hessig-Ellis Drug Company is not a preferred creditor under the assignment, the debtor's mother being the only preferred creditor, and in her answer to this petition in bankruptcy she waives that preference. It seems to be a controversy whether these insolvent assets shall be administered under the assignment or under the bankruptcy statute, the mother stating in her answer that more than 90 per cent. of the creditors prefer to proceed under the assignment. The only defense against the proceeding in bankruptcy is that, with the Hessig-Ellis Drug Company out, there are not enough creditors to sustain the petition in bankruptcy.

There does not seem to be any conflict of opinion or authority between the president and the secretary of that company concerning the matter, as they testify about it. The president says the corporation does not desire to withdraw from the petition in bankruptcy, and that he acted with authority under the by-laws in signing it. The secretary says that, so far as he knows, he does not think the officials care whether the winding up is to be under the assignment or under the bankruptcy. Personally he does not care, that he is willing to go on with the assignment, but that "he would like to be out of the whole thing."

The only by-law pertinent to the question is the thirteenth, as follows:

"It shall be the duty of the president to perform the duties of the executive department of the business, and shall have authority to fix the time of credits, adjust and settle all claims; * * * and to transact for and control and supervise all the concerns of the business of the corporation."

Obviously these mercantile trading corporations should more specifically regulate such matters as are concerned in this lawsuit, and through a definite by-law provide against any conflict of authority where the board of directors cannot be promptly consulted, thus saving litigation over questions like this. Still, I think we need not here concern ourselves with any claim of estoppel to join in this petition in bankruptcy. Taking the broadest possible view of that equitable doctrine in its application to such cases, and it has no bearing here. Ellis, the secretary, was not acting for the corporation in any legal sense, and, if he were, he had no authority to bind it to any acceptance of the assignment. It did not bind the corporation in any way that he should take upon himself the duties of assignee. No by-law having given him such a power of acceptance, ordinarily it would not come within the scope of the duties of a secretary or treasurer. There is not any proof that by the course of business of usage of the company such authority was conferred on its secretary. Besides this, the above-quoted by-law is broad enough to confer by implication, at least, the authority upon the president to determine when bankruptcy proceedings should be taken, and his action in that behalf is conclusive until revoked by the board of directors.

Let there be an adjudication, and an order appointing Ellis temporary receiver until a trustee is appointed.

Ordered accordingly.